# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>SBFS TRUCKING INC., et al.,<br><br>    Defendants. | Case No. 1:24-cv-01260-KES-SAB<br><br>ORDER SETTING ASIDE CLERK'S ENTRIES OF DEFAULT<br><br>ORDER DISREGARDING DEFENDANTS' SEPARATE STATEMENTS OF DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE IN SUPPORT OF SUMMARY JUDGMENT<br><br>CONTINUING SCHEDULING CONFERENCE TO APRIL 24, 2025<br><br>(ECF Nos. 9, 10, 11, 12, 13)<br><br>**THIRTY DAY DEADLINE** |

On October 16, 2024, Plaintiff BMO Bank N.A. filed a complaint in this action against Defendants SBFS Trucking Inc. and Barinder Singh Gill. (ECF No. 1.) On February 14, 2025, Plaintiff filed proofs of service that the complaint and summons were served on Defendants on February 6, 2025. (ECF Nos. 7, 8.)

On February 27, 2025, Defendants filed identical documents entitled "Defendant's separate statement of disputed materials [*sic*] facts and supporting evidence in support of summary judgment." (ECF Nos. 9, 10.) The only apparent difference is that Defendant Barinder Singh Gill, apparently proceeding *pro se*, executed one as an individual (ECF No. 9) and

1

1  executed the second on behalf of Defendant "SBFS Inc." (ECF No. 10).  It is unclear what relief,
2  if any, Defendants seek from the filings.

3       No motion for summary judgment has been filed in this action. Although the caption
4  states the February 28, 2025 filings are in support of summary judgment, each defendant argues
5  they are "*not* entitled to summary judgment against Defendant Prabhjit Kaur, an individual."
6  (ECF Nos. 9 at 3, 10 at 3 (emphasis added).)  Prabhjit Kaur is not a named defendant nor party to
7  this action.  To the extent Defendants attempt to file a motion for summary judgment, the
8  documents do not comply with Local Rule 230 or Rule 56 of the Federal Rule of Civil
9  Procedure.

10       On March 5, 2025, Plaintiff requested that the Clerk enter default against both
11  defendants. (ECF No. 11.)  Plaintiff notes that the title of the February 28, 2025 filing does not
12  comport with an answer. Accordingly, Plaintiff requests that the Clerk substantively review the
13  filings and strike both, then enter default against each defendant in this matter. (ECF No. 11-1 at
14  3.)  Default was entered against both defendants on March 5, 2025.  (ECF Nos. at 12, 13.)

15       The court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  In his
16  February 28, 2025 filing, Defendant Gill, proceeding pro se, clearly denies certain allegations in
17  Plaintiff's complaint. For example, Defendant summarizes allegations in the complaint and says,
18  "Barinder Singh Gill individually denies it," or "Never entered into the agreement. Deny." (See,
19  e.g., ECF No. 9 at 5, 6.)  Further, the proof of service of the February 28, 2025 states Defendant
20  has served a "proposed answer to complaint."  (ECF No. 9 at 10.)  It therefore appears that,
21  despite the title and format, Defendant Gill, proceeding pro se, intended to file an answer to
22  Plaintiff's complaint.

23       Given Defendant Gill's pro se status and an apparent intent to defend this matter, the
24  Court finds good cause to set aside the Clerk's entries of default (ECF Nos. 12, 13).  For the
25  following reasons, the Court shall also disregard Defendant's February 28, 2025 filings, and *sua*
26  *sponte* grant a thirty day extension of time to allow each Defendant time to file responsive
27  pleadings to Plaintiff's complaint. To accommodate the extension, the Court shall also continue
28  the March 18, 2025 scheduling conference.  Due to Defendant Gill's *pro se* status, the Court

shall briefly address two pertinent rules.

### 1.     Local Rule 183(a)

SBFS Trucking Inc. may not proceed *pro se* in this action nor can it be represented by an individual not licensed to practice law. "A corporation or other entity may appear only by an attorney." L.R. 183(a); see also D–Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a long-standing rule that corporations and other unincorporated associations must appear in court through an attorney") (quotations and citation omitted); Caveman Foods, LLC v. jAnn Payne's Caveman Foods, LLC, No. CV 2:12-1112 WBS DAD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) ("While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability.").

The February 28, 2025 filing was signed by Defendant Gill on behalf of Defendant "SBFS Inc." (ECF No. 10.) However, there is no indication that Defendant Gill is a licensed attorney.[1] A non-lawyer may only appear in this Court *in propria persona* on his own behalf and corporations may appear only by attorney. L.R. 183(a). SBFS Trucking Inc. cannot proceed in this action *pro se* nor can it be represented by non-attorney Defendant Gill. The Court will afford the unrepresented corporation thirty days to retain counsel, file a notice of attorney, and file a response to Plaintiff's complaint. The Court cautions that future filings by a non-lawyer acting on behalf of SBFS Trucking Inc. will be disregarded.

### 2.     Federal Rule of Civil Procedure 8

The Court shall disregard the document filed by Defendant Gill on February 28, 2025 because it does not comply with Rule 8(b) of the Federal Rules of Civil Procedure. Namely, in responding to a complaint, a party must: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing

---

[1] The Court takes judicial notice of the records of the California State Bar as state bar websites are sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b); Davis v. Hollins Law, 25 F.Supp.3d 1292, 1298 n. 5 (2014) (indicating the court may take judicial notice of the state bar's website). No individual named "Barinder Singh Gill" is admitted to practice in the State of California or in this District.

1  party." Fed. R. Civ. P. 8(b).

2      The Court notes for Defendant's benefit that the District Court has a webpage for
3  "Representing Yourself (Pro Se Litigant)," available on the Court's website:
4  https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-
5  litigant/. Therein, the Court provides a form entitled "The Defendant's Answer to the
6  Complaint," which the Court shall direct the Clerk of Court to send Defendant Gill as a courtesy.
7  Should Defendant Gill elect to use the form answer, he shall pay particular attention to the
8  directions in Section II.A., which requires that, on separate pages, that he write a short and plain
9  statement of the answer to the allegations in the complaint with enumerated paragraphs
10 corresponding to each paragraph within the complaint. For each paragraph in the complaint,
11 Defendant Gill shall state whether he admits the allegations in that paragraph, denies the
12 allegations, lacks sufficient knowledge to admit or deny the allegations; or admits certain
13 allegations but denies, or lack sufficient knowledge to admit or deny, the rest. See Fed. R. Civ.
14 P. 8(b)(2)-(5).

15     Accordingly, IT IS HEREBY ORDERED that:

16     1.    The entries of default as to Defendants SBFS Trucking Inc. (ECF No. 12) and
17         Barinder Singh Gill (ECF No. 13) are SET ASIDE;

18     2.    Defendant SBFS Trucking Inc.'s separate statement of disputed material facts
19         and supporting evidence in support of summary judgment (ECF No. 10) is
20         DISREGARDED as it was not filed through an attorney;

21     3.    Defendant SBFS Trucking Inc. shall have **thirty (30) days** from the date of entry
22         of this order to file a notice of attorney and file a responsive pleading to
23         Plaintiff's complaint;

24     4.    Defendant Barinder Singh Gill's separate statement of disputed material facts and
25         supporting evidence in support of summary judgment (ECF No. 9) is
26         DISREGARDED as procedurally improper;

27     5.    Defendant Barinder Singh Gill shall have **thirty (30) days** from the date of entry
28         of this order to file a responsive pleading to Plaintiff's complaint curing the

deficiencies identified by the Court;

6. The Clerk of the Court is DIRECTED to send Defendant Barinder Singh Gill "The Defendant's Answer to the Complaint" form;

7. The March 18, 2025 scheduling conference is CONTINUED to **April 24, 2025 at 9:30 a.m. in Courtroom 9**. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference; and

8. **Should one or both Defendants fail to comply with the thirty day extension or otherwise file a timely request for extension that is supported by good cause, Plaintiff shall request entry of default.**

IT IS SO ORDERED.

Dated:  **March 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5