1
2
3
4
5
6
7
8
9
10          **UNITED STATES DISTRICT COURT**
11              EASTERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| BMO BANK N.A., | Case No.  1:24-cv-01260-SAB |
| Plaintiff, | ORDER OF REASSIGNMENT OF THIS MATTER TO A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITH REDUCTION IN ATTORNEY'S FEES |
| SBFS TRUCKING INC., et al., | |
| Defendants. | |
| | ORDER REQUIRING SERVICE ON DEFENDANTS WITHIN THREE DAYS |
| | (ECF No. 20) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Pending before the Court is Plaintiff BMO Bank N.A.'s ("Plaintiff") motion for default judgment.  Plaintiff seeks default judgment against Defendants SBFS Trucking Inc. and Barinder Singh Gill (collectively, "Defendants") relating to Defendants' defaults on contracts involving certain vehicles.  No opposition to the motion was filed.  On June 4, 2025, the Court held a hearing on the motion.  Ken Ichi Ito, Esq., appeared on behalf of Plaintiff, and no appearance was made on behalf of Defendants.   Having considered the moving papers, the declarations and exhibits attached thereto, Defendants' nonappearance at the hearing, as well as the Court's file, the Court

issues the following findings and recommendations recommending granting Plaintiff's motion for default judgment, subject to a reduction in the requested attorneys' fees.

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only. Not all parties have appeared or filed consent or declination of consent forms in this action. Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall direct the Clerk of the Court to randomly assign a District Judge to this action and the Court shall issue findings and recommendations as to the pending motion for default judgment.

## I.

## BACKGROUND[1]

### A.    The Loan Agreements

#### 1.    Agreement 1001 – August 17, 2023

On August 17, 2023, Plaintiff and Defendant SBFS Trucking Inc. ("SBFS Trucking") entered into a loan and security agreement with contract number ending 1001 ("Agreement 1001"), pursuant to which Plaintiff agreed to finance SBFS Trucking's purchase of certain vehicles for use in its transportation business ("1001 Vehicles"). (ECF No. 1, Ex. 1.) Defendant SBFS Trucking agreed to pay Plaintiff $440,137.20, including interest pursuant to the terms and conditions in Agreement 1001. (Id.)

#### 2.    Agreement 4001 – August 30, 2023

On August 30, 2023, Plaintiff and Defendant SBFS Trucking entered into a loan and security agreement with contract number ending 4001 ("Agreement 4001"), pursuant to which Plaintiff agreed to finance SBFS Trucking's purchase of certain vehicles for use in its transportation business ("4001 Vehicles"). (Id. at Ex. 2.) Defendant SBFS Trucking agreed to pay Plaintiff $212,764.80, including interest pursuant to the terms and conditions in Agreement 4001.

---

[1] Background facts are derived from the allegations in the Complaint as well as the exhibits annexed therein. (ECF No. 1.)

1  (Id.)

2  **B.      The Guaranties**

3  In connection with Agreements 1001 and 4001, Defendant Barinder Singh Gill ("Gill")

4  executed continuing guaranties, respectively, on August 17, 2023, and August 30, 2023. (Id. at

5  Ex. 3.)  By signing the continuing guaranties, Defendant Gill guaranteed the full and timely

6  performance of all of Defendant SBFS Trucking's present and future liabilities to Plaintiff. (Id.)

7  **C.      The Security Interest**

8  In consideration for entering into the above-described Agreements, Defendant SBFS

9  Trucking granted Plaintiff a first-priority security interest in the respective vehicles. The vehicles

10  consist of the following:

11  1001 Vehicles

12  2024 Volvo Model VNL64T760; VIN: 4V4NC9EH0RN641590;

13  2024 Volvo Model VNL64T760; VIN: 4V4NC9EH4RN627871;

14  4001 Vehicles

15  2023 Utility Refrigerated Vans; VIN: 1UYVS2535P2740223; and

16  2023 Utility Refrigerated Vans; VIN: 1UYVS2537P2740224.

17  Plaintiff perfected its security interest in the vehicles by recording its liens on the

18  certificate of title for each vehicle. (ECF No. 1, Ex. 4.)

19  **D.      Default by Defendants**

20  Defendants are in default under the Agreements and Guaranties for their failure to pay the

21  amounts due thereunder. (ECF No. 1, ¶ 15.)  Defendant SBFS Trucking failed to make payments

22  due on both Agreements commencing June 1, 2024. (Id. at ¶ 16.)  Pursuant to the Agreements, the

23  entire amounts due have been accelerated. (Id. at ¶ 17.)  As of the date of default, the principal

24  amount due and owing after acceleration is as follows:

25  • Agreement 1001:      $314,037.83

26  • Agreement 4001:      $148,081.60

27  (Id. at ¶ 18.)  At the time of default, accrued and unpaid interest due and owing under the

28  Agreements is as follows:

- Agreement 1001:    $2,390.27
- Agreement 4001:    $1,277.41

(Id. at ¶ 19.)  Under the Agreements, calculated from the date of default to the date of acceleration, accrued and unpaid interest due and owning under the Agreements is as follows:

- Agreement 1001:    $9,078.96
- Agreement 4001:    $4,852.98

(Id. at ¶ 20.)

Defendants are obligated to pay interest on all unpaid amounts at the default interest rate of 1.5% per month (18% per annum) or the maximum rate not prohibited by applicable law.  (Id. at ¶ 21.)  The Agreements were accelerated on September 25, 2024, and the daily default rates of interest accruing since then are as follows:

- Agreement 1001:    $157.02
- Agreement 4001:    $74.04

(Id.)  Under the Agreements, Defendants are obligated to pay late charges and other fees.  (Id. at ¶ 22.)  As of the date of default, late charges have accrued under the Agreements as follows:

- Agreement 1001:    $1,467.12
- Agreement 4001:    $709.20

(Id. at ¶ 23.)  Through acceleration, Plaintiff has incurred other fees, such as collection fees, return item fees, and NSF fees, under the Agreements as follows:

- Agreement 1001:    $55.00
- Agreement 4001:    $25.00

(Id. at ¶ 24.)  Under the Agreements, Defendants are obligated to pay all expenses of retaking, holding, preparing for sale and selling the Vehicles.  (Id. at ¶ 25.)  In addition, Defendants are obligated to pay the attorney's fees and costs incurred by Plaintiff in enforcement of tis rights, including expenses of filing and prosecuting a lawsuit.  (Id. at ¶ 26.)

By letters dated October 7, 2024, Plaintiff noticed Defendants of their defaults under the Agreements, as well as Plaintiff's election to accelerate the loans evidenced by the Agreements.  (Id. at ¶ 27.)  Additionally, Plaintiff demanded that Defendants pay the amounts due under the

4

1  Agreements and surrender the Vehicles.  (<u>Id.</u>; <u>Id.</u> at Ex. 5.)  Despite demand, Defendants failed
2  and refused to pay the amount due and owing under the Agreements and Guaranties.  (<u>Id.</u> at ¶ 28.)

3        Under the Agreements, Plaintiff has a right to enter any premises and take possession of
4  the Vehicles.  (<u>Id.</u> at ¶ 29.)  As of the date Plaintiff filed its complaint, the collateral Vehicles
5  remained in Defendants' possession or control.  (<u>Id.</u> at ¶ 30.)  Plaintiff has performed any and all
6  conditions and obligations required by it under the Agreements and Guaranties.  (<u>Id.</u> at ¶ 32.)

7        On October 16, 2024, Plaintiff filed this action against Defendants, asserting claims of
8  specific performance, claim and delivery, breach of contract, seeking damages and injunctive
9  relief.  (ECF No.1, ¶¶ 33-55.)  On February 27, 2025, Defendants filed Separate Statements of
10  Disputed Material Facts and Supporting Evidence in Support of Summary Judgment.  (ECF Nos.
11  9, 10.)  Because there was no pending motion for summary judgment (and because it appeared that
12  Defendants might have been attempting to file answers), the Court disregarded the filings,
13  informed Defendants of the *pro se* resources from the District Court's website, and afforded
14  Defendants an additional 30 days to file an answer.  (ECF No. 14.)  The Court also informed Gill
15  that SBFS Trucking would need to be represented by an attorney.  (<u>Id.</u>)  Defendants did not file an
16  answer, and the Court directed Plaintiff to either give a status report or move the Clerk of the Court
17  for entry of default.  (ECF No. 15.)  On April 11, 2025, Plaintiff requested an entry of default be
18  entered against Defendants (ECF No. 16); the Clerk issued entries of default that same day (ECF
19  Nos. 17, 18.)

20        On April 24, 2025, Plaintiff filed the instant motion for default judgment against
21  Defendants.  (ECF No. 20.)  Defendants did not file an opposition to the motion nor otherwise
22  appear in this action.  The deadline to file an opposition has expired.  <u>See</u> L.R. 230(c).

23        In the motion, Plaintiff requests default judgment in the total amount of $535,170.55,
24  which includes a request for attorney's fees in the amount of $5,785.00 and court costs of $505.00.
25  (ECF No. 20, p. 12.)  Plaintiff also seeks immediate possession of the following unrecovered
26  collateral vehicles:

27        <u>1001 Vehicles</u>

28             2024 Volvo Model VNL64T760; VIN: 4V4NC9EH0RN641590; and

1          2024 Volvo Model VNL64T760; VIN: 4V4NC9EH4RN627871;

2       4001 Vehicles

3          2023 Utility Refrigerated Vans; VIN: 1UYVS2535P2740223; and

4          2023 Utility Refrigerated Vans; VIN: 1UYVS2537P2740224

5    (Id. at p. 13.)

6          On June 4, 2025, the Court held a hearing with the courtroom open to the public.  (ECF

7    No. 24.)

8                                               **II.**

9                                       **LEGAL STANDARD**

10         Pursuant to Federal Rule of Civil Procedure ("Rule") 55, obtaining a default judgment is a

11   two-step process.  Entry of default is appropriate as to any party against whom a judgment for

12   affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal

13   Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R.

14   Civ. P. 55(a).  After entry of default, a plaintiff can seek entry of default judgment.  Fed. R. Civ. P.

15   55(b).  Rule 55(b)(2) provides the framework for the Court to enter a default judgment:

16              (b) Entering a Default Judgment.

17              (2) By the Court.  In all other cases, the party must apply to the
18              court for a default judgment.  A default judgment may be entered
                against a minor or incompetent person only if represented by a
                general guardian, conservator, or other like fiduciary who has
19              appeared.  If the party against whom a default judgment is sought
                has appeared personally or by a representative, that party or its
20              representative must be served with written notice of the application
                at least 7 days before the hearing.  The court may conduct hearings
21              or make referrals—preserving any federal statutory right to a jury
                trial—when, to enter or effectuate judgment, it needs to:
22
                (A) conduct an accounting;
23
                (B) determine the amount of damages;
24
                (C) establish the truth of any allegation by evidence; or
25
                (D) investigate any other matter.
26

27   Id.

28         The decision to grant a motion for default judgment is within the discretion of the court.

                                               6

1  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); see also TeleVideo

2  Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  The Ninth Circuit has set forth the

3  following seven factors (the "Eitel factors") that the Court may consider in exercising its

4  discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's

5  substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;

6  (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

7  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

8  favoring decisions on the merits.  Eitel, 782 F.2d at 1471-72.

9      Generally, once default has been entered, "the factual allegations of the complaint, except

10  those relating to damages, will be taken as true."  Garamendi v. Henin, 683 F.3d 1069, 1080 (9th

11  Cir. 2012), quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977); see also Fed. R.

12  Civ. P. 8(b)(6).  The amount of damages must be proven at an evidentiary hearing or through other

13  means.  Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008).  Additionally,

14  "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not

15  established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)

16  (internal citation omitted), superseded by statute on other grounds, Pub. L. No. 100-702, 102 Stat.

17  4669.  The relief sought must not be different in kind or exceed the amount that is demanded in the

18  pleadings.  Fed. R. Civ. P. 54(c).

19                                         **III.**

20                                    **DISCUSSION**

21      **A.    Service of Process**

22      The Court considers the adequacy of service of process before evaluating the merits of a

23  motion for default judgment.  See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir.

24  1992).  "A federal court does not have jurisdiction over a defendant unless the defendant has been

25  served properly under Fed. R. Civ. P. 4."  Direct Mail Specialists, Inc. v. Eclat Computerized

26  Techs., Inc. (Direct Mail), 840 F.2d 685, 688 (9th Cir. 1988) (citations omitted).  "Rule 4 is a

27  flexible rule that should be liberally construed so long as a party receives sufficient notice of the

28  complaint."  Direct Mail, 840 F.2d at 688, quoting United Food & Commercial Workers Union v.

1    Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). However, "without substantial compliance

2    with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide

3    personal jurisdiction.'" Id., quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). "[A]

4    signed return of service constitutes prima facie evidence of valid service which can be overcome

5    only by strong and convincing evidence." SEC v. Internet Solutions for Bus., Inc., 509 F.3d

6    1161, 1163 (9th Cir. 2007).

7        Plaintiff is suing both a corporate entity and an individual in this action. The complaint

8    identifies Defendant SBFS Trucking's principal place of business as located at 4281 N. Casey

9    Avenue, Fresno, California 93723 or 6167 N. Figarden Drive, #203, Fresno, 93723. (ECF No. 1,

10   ¶ 5.) Defendant Gill is the alleged owner, sole director, CEO, Secretary, and CFO of SBFS

11   Trucking. (Id. at ¶ 7.) The Agreements identify Defendant Gill as the President of SBFS

12   Trucking with a "Principal Residence/Chief Executive Office/Place of Business" at 4281 N.

13   Casey Avenue, Fresno, California 93723. (Id. at Exs. 1-2.)

14       1.    Service on Defendant SBFS Trucking

15       Federal Rule of Civil Procedure 4(h) governs service on a domestic corporation,

16   partnership, or other unincorporated association that is subject to suit under a common name.

17   Under 4(h), a plaintiff may serve a corporation by following state law for service of a summons

18   on an individual or by delivering a copy of the summons and complaint to an officer or agent and

19   by a mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

20       Under California law, as a substitute to personal delivery of a copy of the summons and

21   complaint, service may be made on a corporation: (1) by leaving a copy of the summons and the

22   complaint during usual office hours in the office of the corporation's agent for service of process,

23   president, chief executive, vice president, secretary or assistant secretary, assistant treasurer,

24   controller or chief financial officer, general manager, or another head of the corporation; (2) with

25   a person "apparently in charge" of the office; and (3) "thereafter mailing a copy of the summons

26   and complaint by first-class mail, postage prepaid to the person to be served at the place where a

27   copy of the summons and complaint were left." Cal. Code Civ. P. §§ 415.20(a), 416.10.

28       The proof of service indicates that Plaintiff served Defendant SBFS Trucking with the

1   summons and complaint on its agent, Barinder Singh Gill, by personally serving Gill at 4281 N.

2   Casey Avenue, Fresno, California 93723, on February 6, 2025.  (ECF No. 7.)

3          2.      Service on Defendant Gill

4          Federal Rule of Civil Procedure 4(e) governs service on an individual.  Under 4(e), a

5   plaintiff may serve an individual within a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought
> in courts of general jurisdiction in the state where the district court
> is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to
> > the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual
> > place of abode with someone of suitable age and discretion who
> > resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by
> > appointment or by law to receive service of process.

14  Fed. R. Civ. P. 4(e).

15         According to the proof of service on file, Defendant Gill was personally served at 4281 N.

16  Casey Avenue, Fresno, California 93723, on February 6, 2025.  (ECF No. 8.)

17         Having considered the proofs of service, the Court finds that Defendants were adequately

18  served with the summons and complaint pursuant to Federal Rule of Civil Procedure 4.

19     **B.      The Eitel Factors Weigh in Favor of Default Judgment**

20         The Court considers whether the Eitel factors weigh in favor of granting default judgment

21  in favor of Plaintiff.

22         1.      Possibility of Prejudice to Plaintiff

23         The first factor considered is whether Plaintiff would suffer prejudice if default judgment is

24  not entered.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Generally, where default has been

25  entered against a defendant, a plaintiff has no other means by which to recover against that

26  defendant.  Id.; Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D.

27  Cal. 2012).  Plaintiff contends that denying judgment would prejudice Plaintiff because Defendants

28  "refused to participate in the action and has made default judgment the sole avenue of relief

9

available to Plaintiff."  (ECF No. 20, p. 10.)  The Court agrees that Plaintiff would be prejudiced if default judgment were not granted.  Default has been entered against Defendants and Plaintiff has no other means to recover against them.  This factor weighs in favor of default judgment.

### 2.    Merits of Plaintiff's Claims and Sufficiency of Complaint

The second and third Eitel factors, taken together, "require that a plaintiff state a claim on which the [plaintiff] may recover."  PepsiCo, Inc., 238 F. Supp. 2d at 1175 (citations and internal quotations omitted).  Notably, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).  Plaintiff's complaint alleges a breach of contract.

The loan agreements at issue provide that they will be subject to the laws of the State of Illinois.  (ECF No. 1, Ex. 1 ¶ 7.6; Ex. 2 ¶ 7.6.)  In determining the enforceability of a choice-of-law provision in a diversity action, such as this one, a federal court applies the choice of law rules of the forum state, in this case California.  Hatfield v. Halifax PLC, 564 F.3d 1177, 1182 (9th Cir. 2009).  In California, "a freely and voluntarily agreed-upon choice of law provision in a contract is enforceable 'if the chosen state has a substantial relationship to the parties *or the transaction or any other reasonable basis exists for the parties' choice of law*.'"  1–800–Got Junk? LLC v. Super. Ct., 189 Cal. App. 4th 500, 513-14 (2010), quoting Trust One Mortg. Corp. v. Invest Am. Mortg. Corp., 134 Cal. App. 4th 1302, 1308 (2005) (emphasis in original).  There is a strong policy in favor of enforcing choice of law provisions.  Id. at 513.

Plaintiff does not address the choice-of-law provisions.  Instead, Plaintiff identifies only California's substantive law.  (See ECF No. 20, pp. 10-11.)  However, because the elements of breach of contract in Illinois and California are identical, the Court need not determine which jurisdiction's law applies.  First Am. Com. Bancorp, Inc. v. Vantari Genetics, LLC, No. 2:19-cv-04483-VAP-FFM, 2020 WL 5027990, at *3 n.1 (C.D. Cal. Mar. 12, 2020), citing Gallagher Corp. v. Russ, 309 Ill. App. 3d 192, 199 (1999).  In California, "[t]o be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff."  First Am. Com. Bancorp, 2020 WL 5027990, at *3, quoting Walsh v. W. Valley Mission Cmty. Coll. Dist., 66 Cal. App. 4th

1   1532, 1545 (1998).  Under Illinois law, "[t]o succeed on a claim for breach of contract, a plaintiff

2   must plead and prove: (1) the existence of a contract, (2) the performance of its conditions by the

3   plaintiff, (3) a breach by the defendant, and (4) damages as a result of the breach."  Law Offices of

4   Colleen M. McLaughlin v. First Star Fin. Corp., 357 Ill. Dec. 570, 583, 963 N.E.2d 968, 981 (Ill.

5   Ct. App. 2011).

6        Here, Plaintiff alleges that Defendant SBFS Trucking entered into the identified

7   Agreements, has failed to perform under the Agreements by failing to make payments when those

8   payments become due, and Plaintiff is entitled to contractual money damages under the

9   Agreements.  (ECF No. 1, ¶¶ 1-32.)  Plaintiff also alleges that Defendant Gill entered into the

10  identified Guaranties, has failed to perform under the Guaranties by failing to make payments

11  when those payments became due, and Plaintiff is entitled to recover contractual money damages.

12  (Id. at ¶¶ 11-16.)

13       The Court finds that Plaintiff's complaint sufficiently states a claim for breach of the

14  Agreements and Guaranties, which weighs in favor of default judgment.

15          3.      The Sum of Money at Stake in the Action

16        Under the fourth factor cited in Eitel, "the court must consider the amount of money at

17  stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at

18  1176.  Here, Plaintiff seeks judgment in the amount of $535,170.55, which includes attorneys' fees

19  in the amount of $5,785.00 and court costs in the amount of $505.00.  (ECF No. 20, p. 12.)  The

20  Court finds the amount at stake is not large, and it is proportional to the harm caused by

21  Defendants' failure to repay the loan amounts.  This factor therefore does not weigh against entry

22  of default judgment.

23          4.      The Possibility of a Dispute Concerning Material Facts

24        The facts of this case are straightforward, and Plaintiff has provided the Court with well-

25  pleaded allegations and a declaration with exhibits in support.  Here, the Court may assume the

26  truth of well-pleaded facts in the complaint following the Clerk's entry of default and, thus, there is

27  no likelihood that any genuine issue of material fact exists.  Defendants' failure to file an answer in

28  this case or a response to the instant motion further supports the conclusion that the possibility of a

1  dispute as to material facts is minimal.  See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D.

2  388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true

3  after the court clerk enters default judgment, there is no likelihood that any genuine issue of

4  material fact exists.").  This factor therefore weighs in favor of default judgment.

5       5.     Whether the Default Was Due to Excusable Neglect

6       The sixth Eitel factor considers the possibility that Defendant's default resulted from

7  excusable neglect.  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Courts have found that where

8  defendants were "properly served with the complaint, the notice of entry of default, as well as the

9  paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

10  Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  Upon

11  review of the record, the Court finds that the default was not the result of excusable neglect.  See

12  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Plaintiff adequately served Defendants with the summons

13  and complaint.  (ECF Nos. 7, 8.)  Moreover, Plaintiff served Defendants with a copy of the request

14  for entry of default, the motion for default judgment, along with the accompanying declarations of

15  Whitney Oliver and Ken I. Ito.  (ECF Nos. 20, 21, 22.)  Despite ample notice of this lawsuit and

16  Plaintiff's intention to seek a default judgment, Defendants have not answered or responded since

17  their filing on February 27, 2025.  Thus, the record suggests that they have chosen not to defend

18  this action and not that the default resulted from any excusable neglect.  Accordingly, this factor

19  weighs in favor of the entry of a default judgment.

20       6.     The Strong Presumption Favoring Decisions on the Merits

21       "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

22  F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

23  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

24  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp.

25  2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy favoring

26  decisions on the merits, that policy is unavailable here because Defendants have not responded.

27  Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

28       Accordingly, upon consideration of the Eitel factors, the Court finds that Plaintiff is

1  entitled to default judgment against Defendants.

2  **C.    Requested Relief**

3  1.    <u>Damages</u>

4  The loan agreements at issue all provide that in the event of default by the debtor or
5  guarantor, all indebtedness becomes immediately due and payable, Plaintiff is entitled to take
6  possession of and dispose of the equipment, and Plaintiff is entitled to have the debtor pay all
7  interest and expenses incurred—including reasonable attorney's fees.  (ECF No. 1, Ex. 1 ¶¶ 5.1-
8  5.3; Ex. 2 ¶¶ 5.1-5.3.)  As of the date of default on the agreements, Plaintiff declares that the
9  principal amounts due and owing total $462,119.43 ($314,037.83 + $148,081.60).  (ECF No. 21,
10  Declaration of Whitney Oliver ("Oliver Decl."), ¶ 19.)  At the time of default, accrued and unpaid
11  interest due and owing under the agreements totaled $3,667.68 ($2,390.27 + $1,277.41).  (<u>Id.</u> at ¶
12  20.)  Calculated from the date of default to the date of acceleration, the amount of accrued and
13  unpaid interest due and owing under the Agreements is no less than $13,931.94 ($9,078.96 +
14  $4,852.98).  (<u>Id.</u> at ¶ 21.)  Under the Agreements, upon acceleration, Defendants are obligated to
15  pay interest on all unpaid amounts at the default interest rate of 1.5% per month (18% per annum)
16  or the maximum rate not prohibited by applicable law.  (<u>Id.</u> at ¶ 22.)  The Agreements were
17  accelerated on September 25, 2024, meaning the daily rates of interest accruing since the date of
18  acceleration are as follows: Agreement 1001: $157.02; Agreement 4001: $74.04.  (<u>Id.</u>)  As of the
19  date of default, the amount of late charges have accrued to no less than $2,176.32 ($1,467.12 +
20  $709.20).  (<u>Id.</u> at ¶ 24.)  Through acceleration, Plaintiff has incurred other fees, such as collection
21  fees, return item fees, and NSF fees, in the amount of $80.00 ($55.00 + $25.00).  (<u>Id.</u> at ¶ 25.)

22  Calculated as of April 18, 2025, the amount due and owing under the Agreements, not
23  including attorneys' fees and costs, is an amount not less than $528,880.55. (<u>Id.</u> at ¶ 34(a)-(c).)
24  These requested amounts are supported by declaration.  (ECF No. 21.)  The Agreements and
25  declaration constitute sufficient proof that Plaintiff has sustained damages for the breaches of the
26  Agreements.  Plaintiff therefore seeks judgment in the amount of $528,880.55, plus postjudgment
27  interest and attorneys' fees and costs, against Defendants.

28  / / /

1          2.        Attorney's Fees and Costs

2          Plaintiff seeks a total amount of $5,785.00 in attorney's fees and $505.00 in court costs.

3    (ECF No. 22, Declaration of Ken I. Ito ("Ito Decl."), ¶¶ 8, 10.)  California and Illinois both enforce

4    contractual provisions allowing the collection of reasonable attorneys' fees.  Cal. Civ. Proc. Code

5    § 1021; Gil v. Mansano, 121 Cal. App. 4th 739, 742-43 (2004); Cap. One Auto Fin., Inc. v. Orland

6    Motors, Inc., No. 09-cv-4731, 2012 WL 3777025, at *3 (N.D. Ill. Aug. 27, 2012).   Under the

7    Agreements, Defendant SBFS Trucking is obligated to pay the attorney's fees and costs incurred

8    by Plaintiff in the enforcement of its rights, including expenses of filing and prosecuting this

9    action.  (ECF No. 1, Ex. 1, ¶ 5.2, Ex. 2, ¶ 5.2; see ECF No. 21, Oliver Decl., ¶ 27.)  Plaintiff is

10   therefore entitled to recovery of attorneys' fees and costs.

11         To determine a reasonable attorneys' fee, or "lodestar," the starting point is the number of

12   hours reasonably expended multiplied by a reasonable hourly rate.  See Hensley v. Eckerhart, 461

13   U.S. 424, 433 (1983).  In considering what constitutes a reasonable hourly rate, the Court looks to

14   the prevailing market rate in the relevant community.  Blum v. Stenson, 465 U.S. 886, 895 (1984).

15   The "relevant community" for the purposes of the lodestar calculation is generally the forum in

16   which the district court sits.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013).

17   Thus, when a case is filed in the Eastern District of California, this district "is the appropriate

18   forum to establish the lodestar hourly rate . . . ."  See Jadwin v. County of Kern, 767 F. Supp. 2d

19   1069, 1129 (E.D. Cal. 2011).

20              a.    Reasonable Hourly Rate

21         Hourly rates for attorney's fees awarded in the Eastern District of California range from

22   $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing

23   approximately 30 years.  See, e.g., BMO Bank N.A. v. Cheema, No. 1:24-cv-00634-SAB, 2024

24   WL 4357004, at *9 (E.D. Cal. Oct. 1, 2024), F&R adopted, 2024 WL 4873520 (E.D. Cal. Nov. 22,

25   2024) (awarding hourly rate of $325 to attorney with more than 28 years litigation experience);

26   Olguin v. FCA US LLC, No. 1:21-cv-1789-JLT-CDB, 2024 WL 4012103, at *7 (E.D. Cal. Aug.

27   30, 2024) (awarding hourly rates of $525 for attorneys practicing more than 20 years, $500 for

28   attorneys practicing between 18 and 19 years, $450 to attorney practicing for approximately 13

years, $400 to attorney with 7-10 years of experience, $300 to attorney practicing about 6 years, $275 to attorney practicing about 4 years, and $250 for attorney practicing approximately 2 years); Owen v. Hyundai Motor Am., No. 2:22-cv-00882-KJM-CKD, 2024 WL 3967691, at *4 (E.D. Cal. Aug. 28, 2024) (finding typical rate for attorneys who have been practicing for more than ten years but less than fifteen years is between $350 and $375). Plaintiff's counsel was admitted to practice in California in 2011 and has more than 13 years of experience. (ECF No. 22, Ito Decl., ¶ 9.) Attorney Ito is seeking $325.00 per hour for his work in this matter. (See id. at ¶ 7.) Given this information, the Court finds Attorney Ito's hourly rate of $325.00 is reasonable.

        b.  Hourly Reasonably Expended

According to the declaration of Attorney Ito and the corresponding exhibited invoice, Attorney Ito has stated that he has expended 14.80 hours of work in this matter. (See id. at ¶ 5; id. at Ex. 8.) Upon review of the declaration and exhibited invoice, the Court finds 14.80 hours to be reasonable and supported.

However, Attorney Ito also stated in his declaration that to "prepare this Motion for Default Judgment, and assuming there is no need for an appearance for this Motion for Default Judgment, it is anticipated and expected that it will take minimum of 3 hours, respectively, at a rate of $325.00 for a total of $975.00." (Id. at ¶ 7.) The District Court has previously rejected Attorney Ito's request for "anticipated" additional hours as not supported by evidence. BMO Harris Bank, N.A. v. Lala Trucking Inc., No. 1:24-cv-01114-JLT-BAM, 2025 WL 1322781, at *2 (E.D. Cal. May 7, 2025). At the hearing, Attorney Ito stated that he would waive any opportunity to support these anticipated three hours. Accordingly, "the fee award [will be] limited to the established and documented time." Id.

Based on the foregoing, the Court will therefore recommend awarding Plaintiff $4,810.00 for 14.80 hours of work by Attorney Ito at a rate of $325.00 per hour in attempting to collect and enforce the Agreements.

In addition to attorneys' fees, Plaintiff seeks the recovery of court costs in the amount of $505.00, consisting of costs for the Court filing fee and service of process. (ECF No. 21, Oliver Decl., ¶ 36; ECF No. 22, Ito Decl., ¶ 10, Ex. 8.) The Court finds these costs to be reasonable.

## V.

### CONCLUSION AND RECOMMENDATION

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

Based upon the foregoing, the Court HEREBY RECOMMENDS that:

1.     Plaintiff's motion for default judgment (ECF No. 20) be GRANTED;

2.     Default judgment be entered in favor of Plaintiff BMO Bank N.A. and against Defendants SBFS Trucking Inc. and Barinder Singh Gill in the amount of $528,880.55, plus postjudgment interest;

3.     Defendants be ordered to pay Plaintiff an amount of $5,315.00, which represents the reasonable attorneys' fees of $4,810.00 and costs of $505.00 incurred in enforcing the Agreements and in collection of the amounts due; and

4.     Plaintiff be awarded possession of the Vehicles listed below, and Defendants are directed to specifically perform their obligations under the loan documents, and to return and/or allow Plaintiff to take possession of the Vehicles. Upon recovery and sale of the Vehicles in a commercially reasonable manner, the money judgment entered herein will be credited with the net sales proceeds.

<u>1001 Vehicles</u>

2024 Volvo Model VNL64T760; VIN: 4V4NC9EH0RN641590;

2024 Volvo Model VNL64T760; VIN: 4V4NC9EH4RN627871;

<u>4001 Vehicles</u>

2023 Utility Refrigerated Vans; VIN: 1UYVS2535P2740223; and

2023 Utility Refrigerated Vans; VIN: 1UYVS2537P2740224.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

1  will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

2  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

3  result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014),

4  citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991).

5      IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this findings and

6  recommendations on Defendants within three (3) days of entry.

7

8  IT IS SO ORDERED.

9  Dated:    **June 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge